## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 CR 495-1 |
| TROY MARTIN | ) ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

Troy Martin was convicted by a jury on 16 counts in a multiple-Defendant indictment charging members of the Mafia Insane Vice Lords street gang with a drug distribution conspiracy. Martin, the "king pin," was sentenced to life in prison. Before trial, Martin and certain of his co-Defendants moved to suppress evidence derived from recorded phone conversations that the government concedes were not properly sealed as required by statute. The government argued that it had a satisfactory explanation for the failure to seal the recordings, but this court declined to decide the issue because the government had voluntarily elected not to use any of the challenged evidence at trial. Martin renewed his challenge on appeal and the Seventh Circuit has ordered a limited remand, directing this court to rule on the government's argument that its explanation for failing to seal was satisfactory. *United States v. Martin*, No. 07-2272 (7th Cir. Nov. 24, 2009). For the reasons stated here, the court concludes that it was.

The intercepted telephone conversations at issue were made under Title III of the Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. § 2510 *et seq.* In order "to ensure the reliability and integrity of evidence obtained by means of electronic surveillance," *United States v. Ojeda Rios*, 495 U.S. 257, 263 (1990), the statute requires that once a judge's order allowing Title III intercepts has expired, the recordings must immediately be sealed by the judge. 18 U.S.C. § 2518(8)(a). By requiring sealing, Congress intended to prevent the Government from tampering with recordings of wiretapped conversations. *Ojeda Rios*, 495 U.S. at 263. The seal or a

"satisfactory explanation" for its absence is a prerequisite for the government's use of the contents of any intercepted communication or evidence derived from one. 18 U.S.C. § 2518(8)(a).

At the suppression hearing, a government agent testified that it was just days before a number of arrests had been scheduled that the government discovered that recordings of certain conversations had not been sealed. (Suppression Hearing, March 3, 2006, at 59.) The government's computer system was designed to record intercepted phone conversations on at least two magneto-optical discs.[1] (Jasevicius Aff. ¶ 2.) One disc would be sealed to comply with Title III and the others would be available for use by the government. (*Id.*) The arresting officers intended to play certain intercepted phone calls to the arrested suspects, but the government could not locate recordings of them on the unsealed discs. (Suppression Hearing, March 3, 2006, at 59.) Believing that the conversations would be on the sealed discs, the government obtained an order to retrieve and unseal the master discs  On doing so, agents discovered that those discs also did not contain the recordings. (*Id.* at 59-60.) As a result, the government cancelled the arrests and sought leave of court to check all the sealed discs from the investigation. (*Id.* at 60.) That examination revealed that three discs did not contain all of the recordings they should have. (Government's Re-Sealing Application, Oct. 17, 2003.)

The government ultimately determined that the mistake could have been caused by operator error but could not determine conclusively why certain conversations were not recorded on the discs as they should have been. (Jasevicius Aff. ¶ 5; Suppression Hearing, March 3, 2006, at 77.) The government was able to locate audio recordings of some of the missing calls and transcripts of others; prosecutors filed the substitutes and obtained sealing orders for them. The latest of those orders was entered 33 days after the expiration of the recording period—every order authorizing electronic intercepts under Title III must have a time limit, and once that time limit expires, the

---

[1] The court notes that because magneto-optical discs cannot be altered once data is written to them, (Jasevicius Aff. ¶ 5), the sealing requirement is something of a formality.

2

sealing requirement kicks in.  18 U.S.C. §§ 2518(4)(e), (5), (8)(a).  In an exercise of caution, the government set aside all recordings made during the time periods covered by the three corrupted discs.  (Suppression Hearing, March 3, 2006, at 61-62.)  That is, following the discovery of the errors, the government did not use evidence from the calls in any affidavits, did not play them for any arrestees, targets, or suspects, and did not use the calls at trial.  (*Id* at 61-62, 65.)  The government had relied on some of the calls in its applications to extend the recording period, but this by itself is not improper; nonsealed calls are routinely so used.  Though the prosecutors in this district in practice have materials sealed every 30 days, sealing of recordings is required only after the last extension expires.  18 U.S.C. § 2518(8)(a).

Defendant argued at the suppression hearing that the remedy for the government's errors was to dismiss the indictment because the unsealed calls tainted the entire investigation.  The court disagreed, ruling that whatever the proper remedy was, it went no further than what the government had already undertaken voluntarily.  *See United States v. Donlan*, 825 F.2d 653, 657 (2d Cir. 1987) (evidence obtained in reliance on nonsealed intercepts before sealing requirement arose not suppressed).  Since neither the calls nor evidence derived from them would be used, this court declined to determine whether the government had a satisfactory explanation for its failure to seal.

The court now holds that the government's explanation for its failure to seal is satisfactory. Based on the purpose of the sealing requirement—the prevention of tampering with electronic evidence—the Seventh Circuit has held that an explanation for a delay in sealing is satisfactory "if, in the circumstances, it dispels any reasonable suspicion of tampering."  *United States v. Coney*, 407 F.3d 871, 875 (7th Cir. 2005).  Factors the court should consider in making that determination are, most importantly, the believability of the explanation, as well as the length of the delay, the nature of the crime along with the notoriety of the defendant, and the importance of the recordings at issue.  *Id.*

Defendant's principal argument on remand is that because the government was unable to

3

determine why the sealed discs did not contain all of the recordings, the government's explanation cannot possibly be satisfactory. Indeed, the government can not explain why the discs did not contain recordings of all the conversations. In contrast, the government does have a satisfactory explanation for the failure to seal the substitute material: agents reasonably believed that the discs they *had* arranged to seal contained recordings of the conversations. That reasonable belief is like the prosecutor's objectively reasonable interpretation of the law in *Ojeda Rios*, 495 U.S. at 267, or the belief by each of two prosecutors that the other had sealed the recordings in *Coney*, 407 F.3d at 875. Thus, the court finds the government's explanation believable. And, once the error was discovered, prosecutors directed that the arrests be delayed and voluntarily withdrew the evidence—conduct inconsistent with any suggestion that the failure to seal was motivated by bad faith.

The government was able to continue its investigation and prosecute the case without the recordings, a circumstance relevant to another factor in the analysis: the importance of the evidence at issue. The more necessary to obtaining a conviction, the more suspicious the court should be about the government's explanation. The government's ability to win convictions demonstrates that, however useful the recordings may have been, they were not so important that agents would have had a motive to tamper with them or otherwise play "fast and loose" with the sealing requirement. Nor is the length of the delay in sealing—35 days—troublesome here, as that delay is entirely consistent with the government's reasonable belief that the conversations were sealed. *Cf. United States v. Jackson*, 207 F.3d 910, 918 (7th Cir. 2000), *vacated on other grounds* 531 U.S. 953 (32-day delay was satisfactorily explained by miscommunication between prosecutors and technician about availability of new bugging apparatus). The government promptly sealed the recordings, but once it discovered that those sealed recordings were corrupted or incomplete, it promptly investigated and attempted to remedy the error.

The other factor listed by the Seventh Circuit in *Coney*, the notoriety of the crime and the

defendant, also does not weigh against the government's explanation. Prosecutions of gang/drug conspiracies draw attention, but, sadly, are not unusual in this district. Nothing about the circumstances here suggests that the government's eagerness to obtain convictions had anything to do with the loss of data, or with the failure to seal recordings that prosecutors ultimately never used at all.

Finally, the court notes that two other district court judges have found the government's explanation for a sealing violation to be satisfactory in nearly identical circumstances. *United States v. Saucedo*, 446 F. Supp. 2d 824 (N.D. Ill. 2006) (Bucklo, J.); *United States v. Jerez*, No. 03 CR 1136, Docket Entry 256 (N.D. Ill. Sept. 14, 2005) (Norgle, J.). The court concludes that the government has provided a satisfactory explanation for its failure to seal.

ENTER:

Dated: January 4, 2010

_____
REBECCA R. PALLMEYER
United States District Judge